Dear Mr. Lacour:
This office is in receipt of your request for an opinion of the Attorney General as attorney for the East Jefferson Levee District in regard to group health insurance. You indicate the Levee District pays 100% of the premiums for its full time employees and some of the retirees, but approximately seven years ago took the position that it would no longer pay 100% of the premiums for retired employees. Since that time it has paid only 50% of the premiums of employees who retire. Some retirees have questioned whether the unequal treatment between retirees and active employees is discriminatory. They feel if the Levee District pays 100% of the premiums for active employees then it must pay 100% of the insurance premiums for retired employees. Accordingly, you ask the following question:
 Is it legal for the East Jefferson Levee District to pay 100% of the insurance premiums for its active employees and only 50% of the insurance premiums for its retired employee?
R.S. 42:851 is authority for employee benefit programs for the state of Louisiana and each of its governmental and administrative subdivisions, departments, or agencies of the executive, legislative, or judicial branches and the governing boards and authorities of each state university, college, or public elementary and secondary school system. This includes procuring policies of group health insurance. For this section "employee" is defined to include "a retiree as defined by the rules and regulations of the Board of Trustees of the State Employees Group Benefits Program".
Pursuant to R.S. 33:5151 political subdivisions are authorized to make contracts "insuring their employees and officials under policies of group insurance covering hospitalization, and retirement, for such employees and officials" and provides nothing shall be construed to limit the contribution of a local governmental subdivision toward payment of premiums for employees or their dependents. However, we do not find in this statute that "employee" is defined to include "retiree" so as to be placed in the same class as active employees.
This office has recognized all or any portion of the premiums may be paid by the political subdivision for its employees, elected officials and retirees without violating the constitutional provision that prohibits donation of public funds, Atty. Op. Nos. 94-448, 94-316, 92-547, and has further concluded since the premium payments constitute compensation, the governing authority cannot reduce or discontinue payment of these premiums during the term of office of an elected officer, Atty. Gen. Op. 96-380. However, it does not appear that this office has ever concluded the premium payments contributed for the active employees in a political subdivisions and its retirees must be the same, and we do not find any provision of law that would require these groups be treated the same. There cannot be discrimination between individuals in the same class, but different classes do not have to be treated equally.
Accordingly, we feel there is a distinction between R.S. 42:851
which specifically includes retirees covered in the State Employees Group Benefits Program in the class of employees, and R.S. 33:5151 which is not applicable to the State Employees Group Benefits Program, and does not statutorily define retiree as an employee so as place them in the same class to require equal treatment.
Therefore, we find the East Jefferson Levee District may pay 100% of the insurance premiums for its active employees and only 50% of the insurance premiums for its retired employees.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR